**Tareke Alemseged GEDEY, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70776.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.\*

Decided July 16, 2004.

Dario Aguirre, Esq., San Diego, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, District Director, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Daniel E. Goldman, Esq., Washington, DC, for Respondent.

Before: HAWKINS, THOMAS and BYBEE, Circuit Judges.

MEMORANDUM \*\*

Tareke Alemseged Gedey, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' decision summarily affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We review the IJ's decision to deny asylum under the substantial evidence standard and may reverse only if the evidence would compel a reasonable factfinder to conclude that the requisite fear of persecution exists. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the IJ's finding that petitioner failed to establish past persecution or a well-founded fear of future persecution. Any harassment petitioner received by students or other individuals did not rise to the level of past persecution, and petitioner failed to show that any fear of future persecution was not speculative. *See Nagoulko v. INS*, 333 F.3d 1012, 1016–18 (9th Cir.2003) (holding alien was teased, bothered, discriminated against, and harassed based on her religious beliefs, but that it did not rise to the level of persecution, and that fear of future persecution was too speculative).

Because petitioner failed to establish eligibility for asylum, it follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**